**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL SANDOVAL REYES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-905

Agency No. A208-444-625

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2023[**]
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF,[***] District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Daniel Sandoval Reyes (Sandoval Reyes), a native and a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an Immigration Judge (IJ) of cancellation of removal, asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we dismiss in part and deny in part.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), in adopting the IJ's decision, and also provides its own reasoning, we review the IJ's decision and the BIA's determination. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "We review for substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal. . . ." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation, alteration, and internal quotation marks omitted). We likewise review the denial of CAT relief for substantial evidence. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We review questions of law de novo. *See id*.

1. We lack jurisdiction to review the agency's discretionary decision to deny cancellation of removal. *See Patel v. Garland*, 142 S.Ct. 1614, 1627 (2022) (holding that "[f]ederal courts lack jurisdiction to review " facts found as part of

"discretionary-relief proceedings" listed in 8 U.S.C. § 1252(a)(2)(B)(i))[1]. And, Sandoval Reyes has not raised a colorable constitutional question over which we have jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

2.    Sandoval Reyes argues that his friend's murder, his obligations to his family, and "figuring out his legal options" qualified as changed circumstances, which excused his untimely asylum application. A changed circumstance excuses untimeliness if the circumstance "materially affect[s] the applicant's eligibility for asylum." *Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir. 2007) (per curiam) (citation omitted). The record in this case does not compel the conclusion that Sandoval Reyes demonstrated changed circumstances to excuse his untimely asylum application. *See id*. at 658. Rather, the record reflects that he did not apply because of fear and not knowing how to apply for asylum. *See Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016) (determining that pre-existing violence did not excuse the untimely filing); *see also Al Ramahi v. Holder*, 725 F.3d 1133, 1139 (9th Cir. 2013) (concluding that the need to seek legal assistance did not excuse the untimely filing).

---

[1]Cancellation of removal is listed as discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also* 8 U.S.C. § 1229b.

**3.** In seeking withholding of removal, Sandoval Reyes proposed two social groups: "Mexican men who exhibit American mannerisms" and "repatriated Mexican[s] who [are] unable to blend in Mexican society due to time spent in the United States." The proposed social groups are not cognizable under our precedent. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (recognizing that deportees with American mannerisms do not qualify as a particular social group); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150-52 (9th Cir. 2010) (per curiam) (determining that the proposed social group of returning deportees was "too broad"). Because Sandoval Reyes premises his eligibility for withholding of removal on these non-cognizable social groups, substantial evidence supports the denial of withholding of removal. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (requiring that "a cognizable protected ground" be "a reason for feared future persecution") (citation and internal quotation marks omitted).

**4.** Substantial evidence supports the denial of CAT relief. To qualify for protection under the CAT, a petitioner "must demonstrate that it is more likely than not that he would be tortured if removed to Mexico" and that the torture would occur "by or at the instigation of or with the consent or acquiescence of a public official." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citations

4

and internal quotation marks omitted). Additionally, the threat of torture must be particularized. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). The evidence before the agency does not compel the conclusion that Sandoval Reyes established a particularized risk of torture. Sandoval Reyes did not experience torture in the past. Nor did he present evidence that he, in particular would be tortured upon his return. *See Duran-Rodriguez*, 918 F.3d at 1029. And although the record included reports of criminal activity and torture, "generalized evidence of violence and crime in Mexico" is insufficient to establish eligibility for CAT relief. *Delgado-Ortiz*, 600 F.3d at 1152 (citation omitted); *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is . . . insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.") (citation omitted).

**PETITION DISMISSED IN PART, DENIED IN PART.**